IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BANKERS LIFE AND CASUALTY
COMPANY,

                Plaintiff,

v.

DESIREE M. THORNTON;
CHANEL V. MOORE; and C&J
FINANCIAL, LLC,

                Defendants.

1:15-cv-3330-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bankers Life and Casualty Company's ("Plaintiff") Motion for Default Judgment Against Defendant Desiree M. Thornton [14] ("Motion for Default Judgment").

I.    BACKGROUND

Plaintiff filed its interpleader complaint [1] (the "Complaint") on September 22, 2015. In it, Plaintiff seeks to resolve competing claims to the proceeds of a life insurance policy. Plaintiff alleges that Defendants Chanel V. Moore, Desiree M. Thornton, and C&J Financial, LLC (the "LLC") assert an interest in the proceeds.

On October 7, 2015, Defendant Thornton acknowledged receipt of the Complaint and validly waived service of summons.  ([6]).  Ms. Thornton failed to file her answer on or before the November 21, 2015, deadline to answer.  On February 25, 2016, the Clerk of Court entered default against Ms. Thornton.

On March 8, 2016, Plaintiff filed its Motion for Default Judgment, arguing that, because Mr. Thornton failed to file a timely answer to the Complaint, Plaintiff is entitled to default judgment under Federal Rule of Civil Procedure 55(b).

In its Complaint, Plaintiff alleges that the LLC was "formed as a corporation under the laws of the State of Alabama, with its principal place of business in Rainbow City, Etowah County, Alabama."  (Compl. ¶ 4).  Plaintiff alleges that Defendants Moore and Thornton are Georgia citizens.  (Id. ¶¶ 2, 3).

## II.   DISCUSSION

### A.   Legal Standard

Plaintiff asserts that the Court has interpleader jurisdiction under 28 U.S.C. § 1335.  (Compl. ¶ 5).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into

2

whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

"A district court[] shall have original jurisdiction of any civil action of interpleader . . . filed by any . . . corporation . . . having issued a . . . policy of insurance . . . of $500 or more" if the following conditions are met:

> (1) Two or more adverse claimants, of diverse citizenship as defined in [28 U.S.C. § 1332], are claiming . . . to be entitled to ... any one or more of the benefits arising by virtue of any . . . policy . . .; and . . . (2) the plaintiff has . . . paid the amount of . . . or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a). Section 1335 "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants,

without regard to the circumstances that other rival claimants may be co-citizens." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967); see also Guardian Life Ins. Co. v. Gilmore, 45 F. Supp. 3d 310, 318 (S.D.N.Y. 2014); USAA Life Ins. Co. v. Doss, 2015 WL 6155892, at *3 (M.D. Fla. Oct. 19, 2015).

B.   Analysis

The Court is required to investigate whether subject-matter jurisdiction exists. Arbaugh, 546 U.S. at 501. The Court has examined the legal sufficiency of the jurisdictional allegations contained in Plaintiff's Complaint, and finds that the Complaint does not adequately allege the citizenship of C&J Financial, LLC. A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.

Because the Complaint fails to identify the members of the LLC and the citizenship of each member, the Court cannot determine whether the claimants meet the "minimal diversity" required under 28 U.S.C. § 1335. That is, the Court

cannot determine whether two or more claimants are diverse.  Ms. Thornton and Ms. Moore are both citizens of Georgia, and the LLC's members may also be Georgia citizens, thereby failing to meet the jurisdictional requirements of Section 1335.

The Court requires additional information regarding the identity and citizenships of individuals or entities who are members of the LLC in order to determine whether the parties are "minimally diverse" under Section 1332, and thus whether the court has jurisdiction over this action.  Accordingly, Plaintiff is required file an amended complaint properly alleging citizenship.  Because Plaintiff is required to file an amended complaint, Ms. Thornton will have an opportunity to respond to the amended complaint, and Plaintiff's Motion for Default Judgment on its original Complaint is therefore denied as moot.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Bankers Life and Casualty Company's Motion for Default Judgment Against Defendant Desiree M. Thornton [14] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint, on or before April 4, 2016, that provides the information required by this Order.

**SO ORDERED** this 18th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE