IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BANKERS LIFE AND CASUALTY COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>DESIREE M. THORNTON, CHANEL V. MOORE, and C&J FINANCIAL, LLC,<br><br>      Defendants. | 1:15-cv-3330-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Bankers Life and Casualty Company's ("Plaintiff") Motion for Summary Judgment [24].

### I. BACKGROUND

This is in interpleader action involving a dispute among Defendants Desiree M. Thornton, Chanel V. Moore, and C&J Financial, LLC ("C&J") regarding the proceeds of a Bankers Life insurance policy insuring the life of the late McRay L. Thornton (the "Policy"). (Pl.'s Statement of Material Facts [24.2] ("PSMF") ¶ 1). On October 15, 2015, Plaintiff deposited, into the registry of the Court, $13,230.79, the full proceeds of the Policy. (PSMF ¶ 2). On November 20, 2015,

C&J filed a cross-claim against Ms. Thornton and Ms. Moore, asserting its claim to the proceeds of the Policy.  (PSMF ¶ 3; [9]).

On March 22, 2016, Plaintiff filed its amended interpleader complaint.  (PSMF ¶ 4; [16]).  On April 25, 2016, Ms. Moore, proceeding *pro se*, filed her "Complaint Against Interpleader," which appears to assert a counterclaim.  (PSMF ¶ 5; [18]).  Ms. Moore alleges that, on April 9, 2015, she submitted to Plaintiff McRay L. Thornton's change of beneficiary form.  ([18] at 2).  Ms. Moore claims Mr. Thornton sought to remove his wife, Desiree M. Thornton, as a beneficiary of the Policy.  (See id.).  In a letter dated April 9, 2015, Plaintiff requested Ms. Thornton's signature, which Plaintiff stated was required under Louisiana's community property laws to change the Policy's beneficiary.  (Id. at 3).  Ms. Moore and Mr. Thornton were unable to secure Ms. Thornton's signature.  (Id.).

On August 19, 2015, Plaintiff sent Ms. Thornton a letter stating Plaintiff was in error, that the beneficiary change should have been accepted without Ms. Thornton's signature, and that Ms. Thornton was "incorrectly advised that [she was] listed as primary beneficiary."  (Id. at 13).  Ms. Moore seeks the entire proceeds of the Policy, legal fees and costs, and payment of costs relating to

Mr. Thornton's funeral "incurred due to [Plaintiff's] erroneously refusing to accept initially, the change of beneficiary forms submitted by [Mr.] Thornton and subsequently authorizing payment to Charbonnet-Labat-Glapion Funeral Home." (Id. at 3). Liberally construed, Ms. Moore appears to claim Plaintiff's errors caused the competing claims that led to this action, and has caused her to suffer "undue stress." (See id.).[1]

On August 3, 2016, the Court entered a default judgment in favor of Plaintiff against Ms. Thornton. (PSMF ¶ 8; [22], [23]). On August 26, 2016, Plaintiff filed its Motion for Summary Judgment. Plaintiff argues that, because Ms. Moore's counterclaim is simply an attempt to assert an entitlement to the proceeds of the Policy, the counterclaim is required to be dismissed as a matter of law. Ms. Moore did not file a response to Plaintiff's Motion for Summary Judgment, and it is deemed unopposed. See LR 7.1(B), NDGa.

---

[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

## II.   DISCUSSION

### A.   Legal Standard

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56.  The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact.  Herzog v. Castle Rock Entm't, 193 F.3d 1241, 1246 (11th Cir. 1999).  Once the moving party has met this burden, the nonmoving party must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial.  Graham v. State Farm Mut. Ins. Co., 193 F.3d 1274, 1282 (11th Cir. 1999).  The nonmoving party "need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings."  Id.

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380 (2007).  Where the record tells two different stories, one blatantly contradicted by the evidence, the Court is not

required to adopt that version of the facts when ruling on summary judgment.  Id. "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ."  Graham, 193 F.3d at 1282.  "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial."  Herzog, 193 F.3d at 1246.  The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'"  Scott, 550 U.S. at 380 (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).  A party is entitled to summary judgment if "the facts and inferences point overwhelmingly in favor of the moving party, such that reasonable people could not arrive at a contrary verdict."  Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002) (quotations omitted).

      B.    Analysis

Plaintiff argues that, because Ms. Moore's counterclaim is simply an attempt to assert an entitlement to the proceeds of the Policy, the counterclaim is required to be dismissed as a matter of law.  Courts have held that where a claim arises out

of an insurer's refusal to pay proceeds, such claims are not "truly independent" of an interpleader action and should be dismissed.  See Kowalski v. Jackson Nat. Life Ins. Co., No. 12-60597-CIV, 2013 WL 3308332, at *5 (S.D. Fla. July 1, 2013); Graziosi v. MetLife Investors USA Ins. Co., No. 3:11-cv-80 (CAR), 2013 WL 592394, at *5 (M.D. Ga. Feb. 14, 2013) (granting summary judgment to defendant insurer where plaintiff's breach of contract and bad faith claims arose out of defendant's failure to pay policy proceeds); Sec. Life of Denver Ins. Co. v. Shah, No. CV411-008, 2012 WL 3777135, at *5 (S.D. Ga. Aug. 29, 2012) (holding claims for breach of contract and bad faith were not "truly independent" of interpleader and stakeholder should therefore be dismissed); see also Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 264-65 (3d Cir. 2009) (concluding claimant's claim was not independent of interpleader and opining that had the insurer "immediately paid [claimant] the proceeds of [the life insurance policy, the claimant] would not have brought an action against [the insurer] based on any of the causes of action").  However, interpleader protects "only from the prospect of multiple litigation and does not automatically immunize a stakeholder from liability."  Kowalski, 2013 WL 3308332, at *5 (brackets omitted) (quoting Graziosi, 2013 WL 592394, at *4).  Thus, a stakeholder may be liable "for

6

diminishing the value of the interpleaded stake simply because of the presence of an unrelated dispute as to who is its rightful owner" or "liable for its investigation of ownership of the stake, at least where defects in its investigation can plausibly be blamed for the existence of the underlying ownership controversy." Id. (quoting Hovis, 553 F.3d at 265-66).

Here, Ms. Moore's counterclaims appear to assert (1) that Plaintiff failed to pay her the proceeds of the Policy and (2) that Plaintiff's errors caused this action, resulted in Ms. Moore suffering "undue stress," and caused Ms. Moore to incur certain costs relating to Mr. Thornton's funeral. (See [18] at 3). Ms. Moore's first counterclaim is not truly independent of the interpleader, because it simply involves an allegation that Plaintiff failed to pay her the proceeds of the Policy. See Shah, 2012 WL 3777135, at *5 (quoting Hovis, 553 F.3d at 262). The first counterclaim is therefore dismissed. Ms. Moore's second counterclaim, however, asserts that Plaintiff's errors in processing Mr. Thornton's change of beneficiary form caused Ms. Moore to suffer damages. It also appears Plaintiff's errors can plausibly be blamed for the existence of the underlying ownership controversy, because Plaintiff's errors led it to incorrectly advise Ms. Thornton that she was the primary beneficiary of the Policy. (See [18] at 3, 13). Because Ms. Moore's

second counterclaim is not truly independent of the interpleader, Plaintiff's Motion for Summary Judgment is denied with respect to this counterclaim.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Bankers Life and Casualty Company's Motion for Summary Judgment [24] is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's Motion is **GRANTED** as to Chanel V. Moore's counterclaim that Plaintiff failed to pay her the proceeds of the Policy.  Plaintiff's Motion is **DENIED** as to Ms. Moore's counterclaims that Plaintiff's errors in processing the Policy caused Ms. Moore to suffer damages.

**SO ORDERED** this 28th day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE